IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL ACTION FILE |
| v. ) | |
| ) | NUMBER 1:12-cr-409-TCB |
| TREMAIN HUTCHINSON, ) | |
| ) | |
| Defendant. ) | |

# **O R D E R**

This matter is before the Court on Defendant Tremain Hutchinson's objections [74] to Magistrate Judge Vineyard's Report and Recommendation (the "R&R") [67], which recommends that Hutchinson's various motions to suppress [21, 23, 25] be denied.

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982)).[1] Where no objection to the R&R is made, it need only be

---

[1] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981, as well as all decisions issued after that date by the Unit B panel of the former Fifth Circuit. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir.

reviewed for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[2] Where objections are made, a district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The district judge must "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990).

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*, 677 F.2d at 410 n.8. "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id.* at 410.

---

1982); *see also United States v. Schultz*, 565 F.3d 1353, 1361 n.4 (11th Cir. 2009) (discussing continuing validity of *Nettles*).

[2] *Macort* addressed only the standard of review applied to a magistrate judge's factual findings; however, the Supreme Court has held that there is no reason for the district court to apply a different standard of review to a magistrate judge's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely applied a clear-error standard to both. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373-74 (N.D. Ga. 2006) (collecting cases). By contrast, the standard of review on appeal distinguishes between the factual findings and legal conclusions. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (when magistrate judge's findings of fact are adopted by district court without objection, they are reviewed on appeal under plain-error standard, but questions of law remain subject to de novo review).

The district judge also has discretion to decline to consider arguments that were not raised before the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). Indeed, a contrary rule "would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *Id.* (quoting *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)).

After conducting a complete and careful review of the R&R, the district judge may accept, reject or modify the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1)(C).

The Court has conducted a careful review of the R&R and Hutchinson's objections thereto. Having done so, the Court finds that Magistrate Judge Vineyard's factual and legal conclusions were correct and that Hutchinson's objections have no merit. The R&R addresses three motions to suppress, which seek to suppress (1) Hutchinson's statements, (2) evidence recovered from a searched cellphone, and (3) identifications of Hutchinson from two different photo arrays. As stated above, the R&R recommends that all three motions be denied, and Hutchinson disagrees.

With respect to his motion to suppress his statements, Hutchinson contends that his statements to the police were involuntary and should be suppressed because five officers were present at his mother's apartment, woke him up when they arrived, and told him that his movements around the apartment made them nervous. However, the Court agrees with the R&R's comprehensive discussion of why Hutchinson's statements were voluntary based on the totality of the circumstances, and how the officers' actions and statements did not render his statements involuntary. Thus, the Court finds the R&R's recommendation that Hutchinson's motion to suppress his statements be denied is proper.

With respect to his motion to suppress the evidence collected from a cellphone, Hutchinson asserts that his consent to search the cellphone in his possession was involuntary. He contends that the detective's refusal to allow Hutchinson to use the cellphone while he was transported to police headquarters constituted an improper seizure and made his subsequent consent to search the phone involuntary. Hutchinson also argues that the detective who took the phone believed that there would be inappropriate images of minors on the phone and that as a result the phone would not be returned. Thus, Hutchinson argues that his consent to the phone's being

searched, which was allegedly based in part on the detective's representation that the phone would be returned, was involuntary. The Court disagrees with both arguments.

The R&R thoroughly and accurately details the legal standard for determining whether consent to a warrantless search is voluntary, and the R&R correctly concludes that the record in this case shows that Hutchinson's consent to the phone search was voluntary and was not subsequently rendered involuntary by the officers' actions or representations. Furthermore, the search did not exceed the scope of Hutchinson's consent. Thus, the Court finds that the R&R's recommendation that Hutchinson's motion to suppress the evidence be denied is also proper.

Finally, with respect to his motion to suppress identifications, Hutchinson argues that the two different photo arrays viewed by three witnesses were unduly suggestive and should be suppressed. Two minor witnesses were shown one photo array, and a third minor was shown a second photo array. Hutchinson contends that the first array was unduly suggestive because his head was larger and his hair was longer and more unkempt than the individuals in the other photographs. He contends that

that second array was also unduly suggestive because his hair was unkempt and his head smaller than the other individuals and because only one other photo showed an individual with thick facial hair similar to his.

The Court finds that even if these differences were present in the photo arrays, Hutchinson has not shown that these minor differences rendered the photo arrays unconstitutionally suggestive. Thus, the R&R properly rejected his arguments and recommended that his motion to suppress the identifications from the photo arrays be denied.

Accordingly, the Court ADOPTS AS ITS ORDER the R&R [67] and DENIES Hutchinson's motions to suppress [21, 23, 25]. In addition, the Court GRANTS Hutchinson's motion to allow participation in voir dire [22].

IT IS SO ORDERED this 30th day of July, 2013.

_____
Timothy C. Batten, Sr.
United States District Judge